**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| J NEMIAS MARIN REYES,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-730<br><br>Agency No.<br>A078-738-346<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 8, 2025[**]
San Francisco, California

Before: SCHROEDER, PAEZ, and MILLER, Circuit Judges.

J Nemias Marin Reyes, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order affirming the Immigration Judge's

("IJ") denial of cancellation of removal under 8 U.S.C. § 1229b(b)(1). The IJ

found that the Petitioner had failed to establish "exceptional and extremely unusual

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

hardship" to his three minor children, who are United States citizens. 8 U.S.C. § 1229b(b)(1)(D). We have jurisdiction to review this determination, 8 U.S.C. § 1252, but our review is "deferential," *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024).

Petitioner argues this his two younger children will suffer emotional and financial hardship because of his removal. Petitioner has provided them with financial support, but their mother has shared their custody and is gainfully employed. Petitioner's ability to provide financial support may decrease, but decreased earning capacity is an ordinarily expected result of removal, not an exceptional one. *See Wilkinson*, 601 U.S. at 215 (holding that a noncitizen must demonstrate hardship "substantially different from or beyond that which would ordinarily be expected to result from . . . removal." (citation omitted)); *In re Andazola-Rivas*, 23 I. & N. Dec. 319, 323 (B.I.A. 2002). Emotional hardship too is an ordinary consequence of removal. *See, e.g., Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005).

Petitioner contends that the agency gave insufficient weight to the condition of his younger son, who at the time of the hearing was not speaking and was undergoing treatment. There were no medical records, however, and no basis for concluding his condition would worsen because of Petitioner's removal. As the IJ found, his son would continue to receive treatment in the United States.

The agency permissibly determined that Petitioner did not establish that his removal would result in exceptional and extremely unusual hardship for his children.

**PETITION DENIED.**